NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF ROSA CAROLINA GERMANO DOS SANTOS ET AL. FOR AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM BAYER HEALTHCARE PHARMACEUTICALS INC. AND BAYER HEALTHCARE, LLC | Civil Action No. 22-01567 <br><br> **OPINION AND ORDER** |

**SEMPER**, District Judge.

The current matter comes before the Court on Respondents' Appeal from Magistrate Judge Allen's August 4, 2023, Order (ECF 36, "August Order") denying Respondents' Motion to Quash Petitioners' Subpoenas. (ECF 37, "App.") Petitioners opposed the appeal. (ECF 38, "Opp.") Respondents filed a brief in reply. (ECF 39, "Reply.") The Court has decided this appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c), and upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Respondents' Appeal is **DENIED** and the Honorable Jessica S. Allen, U.S.M.J.'s August Order is **AFFIRMED**.

### I. BACKGROUND

Petitioners consist of 387 women who have allegedly suffered injuries from Essure permanent birth control implants ("Essure"). (ECF 1-1 ¶¶ 39-40.) Petitioners specifically allege that between approximately June 2013 and December 2018, Essure was marketed as a Bayer product in Brazil. (*Id.* 1-1 ¶¶ 1-7.) According to Petitioners, Essure was developed in 1998 by Conceptus, Inc., a United States based company (*Id.* at ¶ 1.) Bayer AG, Respondents' German parent company, is alleged to have acquired Conceptus in June 2013. (*Id.* at ¶ 5.) Petitioners further

allege that once acquired, Conceptus became a wholly owned subsidiary of Respondent Bayer LLC, a United States based company; thereafter, Conceptus was renamed Bayer Essure Inc. and subsequently transferred "substantially all" of its operating tangible assets and liabilities to Bayer Healthcare, LLC. (*Id.* at ¶ 6.) Further, after the acquisition, "Bayer Healthcare, LLC became the entity directly responsible for the manufacturing, assembly and research and development of Essure contraceptive coils," while Bayer Healthcare Pharmaceuticals assumed other functions including marketing, sales, and distribution in the United States. (*Id.* at ¶¶ 8-9.)

In July 2021, Petitioners sent a demand letter to Bayer AG threatening a products liability lawsuit in the Regional Court of Cologne, Germany. (ECF 1-2 Ex. 2.) Bayer AG rejected Petitioners' demand. (*Id.*) However, Petitioners did not immediately sue. Instead, on March 21, 2022, they filed an *ex parte* application in this Court, pursuant to 28 U.S.C. § 1782, seeking to serve Respondents with discovery subpoenas for documents and deposition testimony in aid of their anticipated German lawsuit against Bayer AG. (ECF 1.) Claiming that Respondents, which have their principal places of business in this District, possess useful information for their anticipated lawsuit against Bayer AG, Petitioners sought to serve the subpoenas on Respondents.

To that end, Petitioners submitted four proposed subpoenas as part of their Section 1782 application: two document subpoenas with thirty-nine requests for production of documents and two deposition subpoenas with twenty-eight topics. (ECF 1-3 Exs. 15-18 at 237-97.) Petitioners also submitted a sworn declaration from Spangenberg, detailing pre-litigation efforts and investigation, legal theories (which include a manufacturing defect, failure to warn, and failure to prevent dangerous misconduct), and critical factual issues for trial. (ECF 1-2 ¶¶ 7-11.) Based on Judge Allen's review of the *ex parte* submission and supporting declarations, on July 22, 2022, Judge Allen issued an Order, granting Petitioners' application without prejudice to Respondents'

right to move to quash or modify the subpoenas. (ECF 3.) Petitioners served their proposed subpoenas on Respondents.

On October 18, 2022, after an unsuccessful meet and confer, Respondents requested leave to file a motion to quash the subpoenas. (ECF 4.) Following a Telephonic Status Conference on November 3, 2022, Judge Allen granted Respondents leave. Respondents filed motions to quash and strike. Judge Allen's August Order denied Respondents motion to quash and granted Respondents motion to strike. (ECF 36.) In her opinion, Judge Allen found that Petitioners satisfied the Section 1782 statutory requirements and found that the four discretionary *Intel* factors weighed in favor of granting the Section 1782 application. (ECF 35, Opinion.) Respondents filed an appeal of Judge Allen's August Order with respect to the denied motion to quash the subpoenas. (ECF 37, App.) Petitioners filed an opposition brief responding to Respondents' appeal. (ECF 38, Opp.) Respondents filed a reply brief. (ECF 39, Reply.)

## II. **LEGAL STANDARD**

In a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "[t]he district judge. . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Similarly, the Local Rules for this district provide that "[a]ny party may appeal from a [m]agistrate [j]udge's determination of a non-dispositive matter within 14 days" and the district court "shall consider the appeal and/or cross-appeal and set aside any portion of the [m]agistrate [j]udge's order found to be clearly erroneous or contrary to law." Local Civ. R. 72.1(c)(1)(A).

Further, "[a] discovery order is generally considered to be non-dispositive." *Williams v. American Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before

3

the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); Local Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

A district court "will determine that a finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's "ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A district court, however, will review a magistrate judge's legal conclusions *de novo*. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted); *see also Haines*, 975 F.2d at 92 (noting that "the phrase 'contrary to law' indicates plenary review as to matters of law").

A district court may also apply a more deferential standard, the abuse of discretion standard "[w]here the appeal seeks review of a matter within the exclusive authority of the [m]agistrate [j]udge, such as a discovery dispute." *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL

2770980, at *1 (D.N.J. Sept. 22, 2006) (citations omitted); *see also Callas v. Callas*, No. 14-7486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Kresefsky v. Panasonic Commc'ns. and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."); 12 Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 3069 (2d ed. 1997) (noting that "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). An abuse of discretion arises "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976). Further, "[t]he abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. United States*, 518 U.S 81, 100 (1996); *see also Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) ("Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual ones.").

### III.   LEGAL ANALYSIS

In their appeal, Respondents argue that the magistrate opinion is contrary to law in its reliance on *In re Application for Discovery for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782* for its statutory analysis. No. 17-4269, 2019 WL 168828, at *1 (D.N.J. Jan. 10, 2019). Respondents also argue that the opinion is contrary to law in its treatment of the *Intel* factors and

5

that the opinion erred in analyzing whether the requested evidence was "for use" in accordance with Section 1782. Respondents ask the Court to reverse the magistrate decision.

1. **Statutory Inquiry**

Judge Allen's opinion first assesses the statutory requirements of Section 1782 and proceeds to assess the discretionary *Intel* factors. (ECF 35, Opinion.) Section 1782 authorizes district courts to order discovery from United States residents for use in foreign proceedings. 28 U.S.C. § 1782. A court may issue such an order on an *ex parte* basis without prejudice to the subpoenaed party's right to vacate the order or quash any resulting subpoenas. *In re Yilport Holding A.S.*, No. 22-3028, 2023 WL 2140111, at *3 (D.N.J. Feb. 21, 2023). In the motion to quash, Respondents bore the burden to demonstrate that Judge Allen improperly granted Petitioners' Application for discovery under Section 1782. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 190 (3d Cir. 1999).

First, the court determines whether Petitioners have met the statutory requirements of Section 1782. *See In re California State Tchrs. Ret. Sys.*, No. 16-4251, 2017 WL 1246349 at *1 (D.N.J. Apr. 3, 2017) ("The three statutory requirements are (1) that the application seeks discovery from a person or entity who is a resident or can be found in the district in which the application is filed, (2) that discovery is for use in a proceeding in a foreign tribunal, and (3) the application is made by a foreign or international tribunal or by an interested person.") (citing *Kulzer v. Esshchem*, 390 F. App'x 88, 91 (3d Cir. 2010)). After engaging in the statutory analysis, the court then decides whether to exercise its discretion to grant the discovery application based on its consideration of the four factors identified by the Supreme Court in *Intel* (the "*Intel* factors"). *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The *Intel* factors are: "(1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus

6

accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; [and] (4) whether the subpoena contains unduly intrusive or burdensome requests." *In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016) (citing *Intel*, 542 U.S. at 264-65).

The Court will first address Section 1782's statutory requirements. Respondents do not contest residing in this district nor do they contest Petitioners' interest in a foreign proceeding for which they seek Section 1782 discovery. In their appeal, Respondents argue that the opinion erred in concluding that the requested evidence could be intended "for use" in a foreign proceeding. (ECF 37, App. at 33.) Respondents argue that there was no demonstration that the evidence sought had a concrete nexus to a foreign proceeding and argue that the subpoenas "raise serious questions about relevance," given Petitioners' as-of-yet unfiled suit in Germany. (ECF 37, App. at 36-37.) Respondents also argue that the opinion improperly relied upon *In re JSC United Chemical Company Uralchem*. No. 20-3651, 2020 WL 4251476, at *9 (D.N.J. July 24, 2020). In opposition, Petitioners argue that Respondents' arguments fail because the phrase "for use" is interpreted liberally, the subpoenas seek discovery related to their legal theories, the discovery sought need not be necessary for the party to prevail in the foreign proceeding, and Petitioners' have expressed clear intent to initiate the litigation in Germany. (ECF 38, Opp. at 17.) On reply, Respondents reiterate that the reasonable contemplation standard should not be applied to authorize discovery where there has not been an attempt to pursue litigation. (ECF 39, Reply.)

As Respondents acknowledged, "[a] foreign proceeding need not be pending at the time a Section 1782 application is filed, provided it is within 'reasonable contemplation.'" *In re Yilport*,

7

2023 WL 2140111, at *4 (citing *Intel Corp.*, 542 U.S. at 259). Further, "'[f]ederal courts interpret the 'for use' phrase liberally.'" *California State Tchrs. Ret. Sys. v. Novo Nordisk, Inc.*, No. 19-16458, 2020 WL 6336199, at *6 (D.N.J. Oct. 29, 2020) (quoting *In re the Application of Sauren Fonds-Select SICAV*, No. 16-133, 2016 WL 6304438, at *3 (D.N.J. Oct. 26, 2016)). The inquiry turns on whether the discovery sought is "'something that will be employed with some advantage or serve some use in the proceeding.'" *Id.* (quoting *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015)). This liberal inquiry does not entail determining whether the information sought is discoverable or admissible in the foreign forum, only that it can be used to the applicant's advantage. *See In re Bayer AG*, 146 F.3d 188, 192 (3d Cir. 1998) (noting discoverability of the evidence in the foreign proceeding is not a requirement); *see also In re the Application of Sauren Fonds-Select SICAV*, 2016 WL 6304438, at *3; *In re Application of Imanagement Servs. Ltd.*, No. 05-2311, 2006 WL 547949, at *3 (D.N.J. Mar. 3, 2006) ("[I]t is sufficient that the applicant intend[s] to offer the evidence to a foreign court. Whether the foreign court will ultimately accept the evidence is beyond this Court's ability to determine."). Accordingly, Respondents arguments asking the court to reverse the August Order are unavailing. The law does not impose a relevance inquiry on Petitioners. That Petitioners have yet to file suit also does not impact the Court's assessment as "a foreign proceeding need not be pending at the time the Section 1782 application is filed." *In re Yilport*, 2023 WL 2140111, at *4 (citing *Intel Corp.*, 542 U.S. at 259). Respondents fail to satisfy their burden of showing that the August Order was clearly erroneous or contrary to law. *See Marks*, 347 F. Supp. 2d at 149.

Respondents take issue with the opinion's cite to *In re JSC United Chemical Company Uralchem*. No. 20-3651, 2020 WL 4251476, at *9 (D.N.J. July 24, 2020). The opinion cites to *Uralchem* to demonstrate that some courts in this district have determined sworn statements

8

evincing the intent to litigate and articulating legal theories to be pursued are sufficient to demonstrate reasonable contemplation. Respondents argue that this is not what the case held: rather, the Court in *Uralchem* was not satisfied that the "for use" requirement had been met. Respondents are correct that the court did not find that the "for use" requirement had been met; however, the Court specified that the statutory inquiry was not satisfied because Petitioner had specifically and successfully argued that the same information it sought to obtain was *not* required to support its claims. Judge Allen's cite to *Uralchem* served to demonstrate the court's ability to use a sworn statement to demonstrate reasonable contemplation. Petitioners here have not argued or taken a position that the information they seek is not required to support their claims in the German litigation. Rather, Petitioners have expressly articulated their intention to use the requested information in the anticipated proceeding. (ECF 1-1 at ¶¶ 62-67.) As such, the Court is not "left with the definite and firm conviction that a mistake has been committed." *See Dome Petroleum*, 131 F.R.D. at 65 (quoting *United States Gypsum*, 333 U.S. at 395). The opinion's reference to *Uralchem* to demonstrate the utility of a sworn statement in assessing the "for use" requirement was appropriate. Respondents fail to satisfy their burden that the August Order was clearly erroneous or contrary to law with respect to the *Uralchem* reference. *See Marks*, 347 F. Supp. 2d at 149.

    **2. Discretionary *Intel* Factors**

Respondents appeal the August Order on the basis of several *Intel* factors. The Court will address each contested factor in turn. More generally, Respondents argue that the opinion "err[ed] in treating the discretionary factors from *Intel Corp.* as exclusive." (ECF 37, App. at 29-33.) Respondents contend that Judge Allen should have considered arguments that the discovery would have been barred in Germany and in New Jersey state court and that Petitioners were unlikely to

9

succeed on the merits. Respondents fail to satisfy their burden that Judge Allen's refusal to engage in speculation regarding the outcomes of discovery disputes or the merits of the case generally was clearly erroneous or contrary to law. *See Marks*, 347 F. Supp. 2d at 149. Judge Allen cited binding Third Circuit law that found it improper to wade into interpreting German discovery law in a Section 1782 analysis. *See In re Biomet Orthopaedics Switzerland GMBH*, 742 F. App'x 690, 697 (3d Cir. 2018) ("Surveying German law to determine a particular document's admissibility or probative value is exactly the kind of 'speculative foray[] into legal territories unfamiliar to federal judges,' that would be 'in tension' with § 1782."). Accordingly, the Court is not "left with the definite and firm conviction that a mistake has been committed." *See Dome Petroleum*, 131 F.R.D. at 65 (quoting *United States Gypsum*, 333 U.S. at 395).

### a. Second *Intel* Factor

The second *Intel* factor is: "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *O'Keeffe*, 646 F. App'x at 266 (citing *Intel*, 542 U.S. at 264-65). Respondents argue that Judge Allen's opinion misapplied the law in contravention of precedent. In particular, Respondents argue that Judge Allen misapplied *In re Application for Discovery for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*. No. 17-4269, 2019 WL 168828, at *6 (D.N.J. Jan. 10, 2019). The opinion specifically notes that the "Court agree[d] with Judge McNulty's analysis of the second *Intel* factor and adopts his sound reasoning and conclusion here to find that the second *Intel* factor weighs in favor of Petitioners." (ECF 35, Opinion.) The *Intel* factors have been repeatedly considered discretionary. *See O'Keeffe*, 646 F. App'x at 266 (citing *Intel*, 542 U.S. at 264-65). Judge Allen cited to *In re Application* so as to provide context to her analysis of the second *Intel* factor. She was not bound by *In re Application* to make the same

10

ultimate finding in a factually distinct case; Judge Allen was legally obligated to use her discretion in determining if this factor weighed in favor or against Petitioners. Further, Respondents cited to no binding case law requiring that Petitioners first invoke German discovery procedures prior to serving their Section 1782 application. Rather, binding Third Circuit law has found German courts to be receptive to Section 1782 discovery, bolstering Judge Allen's decision. *See Kulzer*, 390 F. App'x at 92. As such, Respondents fail to satisfy their burden that Judge Allen's use of *In re Application* was clearly erroneous or contrary to law. *See Marks*, 347 F. Supp. 2d at 149.

### b. Third *Intel* Factor

The third *Intel* factor is: "whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States." *O'Keeffe*, 646 F. App'x at 266 (citing *Intel*, 542 U.S. at 264-65). Respondents claim that the subpoenas attempt to circumvent foreign proof-gathering limitations by seeking discovery prior to attempting to invoke German discovery procedures. (ECF 37, App. at 21.) In opposition, Petitioners argue that the requests do not circumvent foreign proof-gathering restrictions and that the exhaustion requirement has been repeatedly rejected. (ECF 38, Opp. at 28.) Here again, Respondents failed to satisfy their burden that the opinion was clearly erroneous or contrary to law. *See Marks*, 347 F. Supp. 2d at 149. Binding Third Circuit precedent states "[w]e have never held that an applicant must seek discovery relief in the foreign forum first." *O'Keeffe*, 646 F. App'x at 268. Judge Allen's opinion and August Order do not leave the court with a "definite and firm conviction that a mistake has been committed." *Dome Petroleum*, 131 F.R.D. at 65 (quoting *United States Gypsum*, 333 U.S. at 395).

11

### a. Fourth *Intel* Factor

The fourth *Intel* factor is: "whether the subpoena contains unduly intrusive or burdensome requests." *O'Keeffe*, 646 F. App'x at 266 (citing *Intel*, 542 U.S. at 264-65). Respondents cite Judge Allen's opinion that there are "concerns about the breadth of the subpoenas based on the many broad definitions and expansive categories of information sought." (ECF 37, App. at 25 (citing ECF 35, Opinion at 22).) Judge Allen goes on to note "[h]owever, by further meeting and conferring as this Court will order, Petitioners and Respondents should be able to narrow the scope of discovery sought and agree on proper search terms to be used to capture any relevant discovery information." (ECF 35, Opinion at 23.) Other cases in this District have also found it appropriate to require the parties to meet and confer on the scope of the subpoenas at play to afford the parties an opportunity to resolve overly burdensome disputes. *See In re Martin & Harris Private Limited*, No. 20-17070, 2021 WL 2434069, at *8 (D.N.J. June 14, 2021). As such, Respondents failed to satisfy their burden that the opinion was clearly erroneous or contrary to law. *See Marks*, 347 F. Supp. 2d at 149.

### IV. Conclusion

For the reasons stated above,

**IT IS** on this 8th day of March, 2024,

**ORDERED** that the Respondents' appeal of Judge Allen's August Order (ECF 9), is **DENIED;** and it is further

**ORDERED** Judge Allen's August Order is **AFFIRMED**. The parties are directed to meet and confer to discuss limiting the scope of the subpoenas and address undue burden concerns within thirty (30) days of the date of the Opinion and the accompanying Order.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jessica S. Allen, U.S.M.J.
       Parties